# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| PHILADELPHIA PRODUCE CREDIT BUREAU, | * * * * | |
| v. | * * | Case No. SAG-15-498 |
| NEW WORLD WHOLESALE, INC., *et al.* | * * | |

## MEMORANDUM

Pending before this court is a motion for summary judgment filed by plaintiff Philadelphia Produce Credit Bureau ("PPCB"). [ECF No. 27]. Defendants New World Wholesale, Inc. ("New World"), Sang Sik Kim, and Jae Hee Kim (collectively, "Defendants") did not file an opposition, and the deadline has now expired.[1] No oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons set forth below, PPCB's motion will be granted.

## I. Uncontroverted Facts Established By PPCB's Motion and Attached Exhibits

In late 2014 and early 2015, New World purchased wholesale quantities of produce from four produce sellers at the Philadelphia Wholesale Produce Market: Ryeco, LLC ("Ryeco"), John Vena, Inc. ("Vena"), M. Levin & Co., Inc. ("Levin"), and G&G Produce, Inc. ("G&G") (collectively "the Sellers"). Pl. Mot. Ex. 3, 8, 9, 13, 14, 19, 20. The aggregate amount of the

---

[1] After PPCB filed its motion, Defendants filed a consent motion for a two-week extension to file an opposition, due to the voluminous nature of the motion and various scheduling conflicts. [ECF No. 29]. On the new deadline of October 5, 2015, Defendants again sought an extension, citing their anticipated "filing for bankruptcy this week." [ECF No. 31]. This time, PPCB opposed the extension of time, arguing that Defendants have repeatedly represented that they might soon petition for bankruptcy. [ECF No. 32]. This Court granted a brief one-week extension until October 12, 2015, but made clear that no further extensions would be granted. [ECF No. 33]. Defendants did not respond, and have not filed an opposition or any suggestions of bankruptcy since that deadline.

produce purchased totaled $80,661.00. *Id.* Sang Sik Kim owned and served as sole director of New World. Pl. Mot. Ex. 22, 24. On February 18, 2011 and March 14, 2011, respectively, Sang Sik Kim and Jae Hee Kim signed unconditional Guaranty agreements, providing personal guarantees of New World's purchases from PPCB sellers. Pl. Mot. Ex. 25.

At the time of the relevant produce transactions, each of the Sellers was a licensed dealer of produce under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c). Pl. Mot. Ex. 1, 6, 11, 17. The invoices each of the Sellers provided to New World contained the following language required by PACA:

> The perishable agricultural commodities listed on this invoice are sold subject to statutory trust authorized by section 5c [sic] of the Perishable Agricultural Commodities Act, 1930 [7 U.S.C. § 499e(c)]. The seller of these commodities retain [sic] a trust claim over these commodities, all inventories, food or other products derived from these commodities, and any receivables [or] proceeds from the sale of these commodities until full payment is received.

Pl. Mot. Ex. 2, 3, 9, 14, 20. New World did not make payment to the Sellers for the produce transactions at issue, and has experienced significant financial difficulties. Pl. Mot. Ex. 26. Each of the Sellers has assigned its claims against New World to PPCB, which filed the instant lawsuit. Pl. Mot. Ex. 5, 10, 16, 21.

## II. Legal Standards

A motion for summary judgment is granted under Rule 56 of the Federal Rules of Civil Procedure if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 884 (1990). Summary judgment is precluded only when there are disputes over the facts that might affect the outcome of the proceedings under the applicable law. Factual disputes that are not relevant or not necessary will not be considered in a summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party seeking summary judgment bears the burden of showing

an absence of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In response, the non-moving party must show that there is a genuine issue for trial. A court must decide whether there is a genuine issue for trial, "not . . . weigh the evidence and determine the truth of the matter." *Anderson*, 477 U.S. at 242-43.

In this case, the non-moving party has not filed any opposition to the summary judgment motion. This Court cannot simply find that the moving party has met its burdens due to the non-movant's failure to respond. *See Custer v. Pan American Life Ins. Co.,* 12 F.3d 410, 416 (4th Cir. 1993). Federal Rule of Civil Procedure 56(c) sets forth procedures for the moving party to establish, by way of appropriate evidentiary support, that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The non-moving party's failure to oppose the summary judgment motion "may leave uncontroverted those facts established by the motion," but does not automatically entitle the moving party to a favorable judgment. *See Custer,* 12 F.3d at 416. In fact, Rule 56(e)(3) provides that where one party fails to address another party's assertion of fact, the court may "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).

### III.     PPCB's Motion for Summary Judgment

PPCB's complaint contains six counts. Counts One and Two allege PACA claims against New World and Sang Sik Kim, and seek to enforce payment from the PACA trust. Count Three is a breach of contract claim against New World and Sang Sik Kim. Count Four is also a PACA-related claim of unlawful dissipation of trust assets by a corporate official, Sang Sik Kim. Count Five is another contractual claim, alleging breach of the Guaranty documents signed by Sang Sik Kim and Jae Hee Kim. Finally, Count Six seeks an award of interest and

attorney's fees pursuant to PACA, the invoices at issue, and the Guaranty documents. PPCB seeks summary judgment as to all claims, so each Count is addressed below.

### A. PACA Claims

To ensure that sellers of perishable agricultural commodities receive payment for the produce, PACA requires that the buyer hold the commodities sold, and any proceeds from the resale of the commodities, in trust for the benefit of the seller until full payment is made. *See* 7 U.S.C. § 499e(c)(2). Federal District Courts are "vested with jurisdiction specifically to entertain . . . actions by trust beneficiaries to enforce payment from the trust." *Id.* at § 499e(c)(5). PACA specifically provides that it is unlawful for a buyer (1) to fail to make prompt payment in full to the entity with whom it engaged in a commodity transaction, and (2) to fail to maintain the trust required by PACA. *See* 7 U.S.C. § 499b(4). Any buyer who violates these provisions is liable for the full amount of damages sustained by the seller. *See* 7 U.S.C. § 499e(a).

As described above, PPCB has produced evidence to establish that the Sellers supplied New World with agricultural commodities covered by PACA, and that the Sellers have not received full payment for those commodities. PPCB has further established that New World and its sole director, Sang Sik Kim, failed to maintain the trust assets and keep them available to satisfy the Sellers' claims as required by PACA. *See Bear Mountain Orchards, Inc. v. Mich-Kim, Inc.*, 623 F.3d 163, 171 (3d Cir. 2010) ("'[I]ndividual shareholders, officers, or directors of a corporation who are in a position to control trust assets, and who breach their fiduciary duty to preserve those assets, may be held personally liable under PACA.") (*quoting Golman-Hayden Co. Inc. v. Fresh Source Produce Inc.*, 217 F.3d 348, 351 (5th Cir. 2000)); *see also Coosemans Specialties, Inc. v. Gargiulo*, 485 F.3d 701, 705-06 (2d Cir. 2007) (similar standard). Thus,

4

absent contravening evidence, PPCB has demonstrated that New World and Sang Sik Kim are liable for the amounts due to the Sellers. *See* 7 U.S.C. § 499e(a). Summary judgment in favor of PPCB is therefore appropriate as to Count One (Failure to Pay Trust Funds), Count Two (Failure to Pay Promptly), and Count Four (Unlawful Dissipation of Trust Assets by a Corporate Official).

### B. Contract Claims

Alternatively, PPCB claims in Count Three that New World and Sang Sik Kim materially breached their contracts with the Sellers, since the contracts all required prompt payment for the produce at issue. The established facts described above demonstrate a material breach of each of the individual sales contracts, due to nonpayment. Thus, PPCB is entitled to summary judgment on Count Three.

Count Five alleges that Sang Sik Kim and Jae Hee Kim are liable for New World's debts under the Guaranty agreements. Those agreements, on standard PPCB forms, provide that the Guarantors agree to pay, "upon demand, all losses, costs and expenses, including attorneys' fees, that may be incurred . . . in attempting to recover or collect the amounts owed by [New World] or in attempting to cause satisfaction of Guarantor's liability under this Guaranty." Pl. Mot. Ex. 25. The Guaranty agreements further provide that "the liability of Guarantor(s) under this Guaranty is continuing, absolute, and unconditional . . . and shall not . . . be affected by the solvency or insolvency of [New World]." *Id.* In the current posture, Sang Sik Kim and Jae Hee Kim have not disputed that they signed the Guaranty agreements and that they failed to pay the sums required to discharge New World's debts to the Sellers. Accordingly, PPCB is entitled to summary judgment on Count Five.

5

**C. Attorneys' Fees and Interest**

Although PPCB included "Count Six" in its complaint, that Count sets forth no separate cause of action, but simply seeks to enforce remedies to which PPCB is entitled under the contracts and PACA. *See, e.g.,* 7 U.S.C. § 499e(c)(2) (specifying that the trust entitles sellers to "full payment of the sums owing in connection with" the transaction); *Country Best v. Christopher Ranch, LLC*, 361 F.3d 629, 632 (11th Cir. 2004) (defining "sums owing in connection with" to include the "attorneys' fees and interest that buyers and sellers have bargained for in their contracts"); *Middle Mountain Land and Produce, Inc. v. J.R. Simplot Co.*, 307 F.3d 1220, 1224-25 (9th Cir. 2002) (noting right of the PACA claimant "to enforce the full scope of its perishable agricultural commodities contract"). As described above, PPCB has established that the defendants violated PACA and breached the contracts with the Sellers, and, thus, PPCB is entitled to avail itself of all contractual remedies. This Court will dismiss Count Six as moot, but will award the relief requested therein as remedies available under Counts One through Five.

As to interest, Ryeco's invoices and Levin's invoices provide, "All delinquent unpaid invoices are subject to interest at the rate 1.5% per month (18% per year), collection fees, including without limitation, reasonable attorney fees, incurred to recover any unpaid amounts." Pl. Mot. Ex. 3, 14. G&G's invoices state, "Delinquent unpaid invoices are subject to interest at the rate of 1.5% per month (18% per year). Customers are also responsible for any collection costs, including, without limitation, reasonable attorneys' fees, incurred by or on behalf of our company to recover any unpaid amounts." Pl. Mot. Ex. 20. Vena's invoice does not specify the amount of interest to be collected, though it does state that, "[i]nterest and attorneys fees necessary to collect any balance due hereunder shall be considered sums owing in

connection with this transaction." Pl. Mot. Ex. 9. Accordingly, PPCB is entitled to interest at the rate of 18% per annum for the debts owed to Ryeco, Levin, and G&G, and to interest at the rate of 6% per annum (the statutory rate set by Md. Const. Art. III, § 57) as to the debt owed to Vena.

The contracts also entitle PPCB to its reasonable attorneys' fees. The fee request submitted by PPCB does not entirely comport with the Guidelines set forth in this Court's Local Rules. There is a declaration from one attorney, Blake A. Surbey, stating that he has been admitted to the Court of Appeals of Maryland since 2011. *See* Surbey Decl. ¶ 7. That level of experience would place him, under this Court's guidelines, in the category of "lawyers admitted to the bar for less than five (5) years," with a presumptively reasonable range of $150-225 per hour. There appear to be two different hourly rates charged in the billing statement submitted by PPCB's counsel: $285 per hour and $375 per hour, with no clear way to ascertain which rate is Mr. Surbey's. While the guidelines are only presumptive, and while Mr. Surbey states that he has been practicing exclusively in PACA law, he has not established that the rates for PACA lawyers typically exceed those earned by lawyers in other areas. His declaration makes reference to another attorney, "Ms. Ellis," but provides no information about Ms. Ellis's experience or years of practice to justify a higher rate. *See* Surbey Decl. ¶ 8. I will not discount the number of hours worked by the attorneys, since there is no obvious duplication of effort or other unnecessary work. However, I will reduce the hourly rate to the highest end of the applicable guideline range, $225. I will therefore order payment of attorneys' fees in the amount of $10,883.25.

## IV. Conclusion

For the reasons set forth above, Plaintiff's Motion for Summary Judgment is granted as to Counts One through Five of its Complaint. Count Six of the Complaint is dismissed as moot. Plaintiff is entitled to recover damages in the amount of $80,661.00, plus interest at the rates of 18% per annum as to the debts owed to Ryeco, Levin, and G&G, and interest at the rate of 6% per annum as to the debt owed to Vena, for a total interest award of $7,797.61, plus attorneys' fees in the amount of $10,883.25. A separate order effectuating the rulings made in this memorandum is being entered herewith.

Dated: November 10, 2015

/s/
Stephanie A. Gallagher
United States Magistrate Judge