IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| PHILADELPHIA PRODUCE CREDIT BUREAU, | * * * * | |
| v. | * * | Case No. SAG-15-498 |
| NEW WORLD WHOLESALE, INC., *et al.* | * * | |

******

**MEMORANDUM OPINION**

Now pending is Plaintiff/Judgment Creditor Philadelphia Produce Credit Bureau's ("PPCB") Motion for Judgment in Favor of Plaintiff and for Release of Garnished Funds and Garnishment. [ECF No. 42]. PPCB's motion is ripe for adjudication, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). For the reasons set forth herein, PPCB's motion is GRANTED.

I. **BACKGROUND**

On November 12, 2015, this Court granted summary judgment in favor of PPCB against Defendants/Judgment Debtors New World Wholesale, Inc., Sang Sik Kim, and Jae Hee Kim in the amount of $80,661.00, plus interest. *See* [ECF No. 36]. Pursuant to the entry of final judgment, PPCB requested the issuance of a Writ of Garnishment to Woori America Bank, the garnishee. *See* [ECF No. 38]. The Clerk of Court issued the writ on January 19, 2016. [ECF No. 39]. On February 2, 2016, Woori America Bank's branch manager filed a timely Answer to the Writ of Garnishment, admitting that, as of February 2, Judgment Debtor Jae Hee Kim is "in possession of $812.10 with Woori America Bank" and that neither judgment debtor New World Wholesale Inc., nor judgment debtor Sang Sik Kim, is in possession of accounts with the

garnishee.  *See* [ECF No. 40]; Md. Rules Civ. P. 2-645 ("The garnishee shall file an answer within the time provided by Rule 2-321."); Md. Rules 2-321 (affording parties thirty days to file their answer).  PPCB certified that on February 5, 2016, PPCB served all defendants with the Writ of Garnishment served by the Clerk on Woori America Bank, and that, on February 8, 2016, all defendants were served with Woori America Bank's Answer.  *See* [ECF No. 41].

II.     ANALYSIS

Garnishment, a form of attachment, is a means of enforcing a judgment which "allows a judgment creditor to recover property owned by the debtor but held by a third party, the garnishee." *Harbor Bank v. Hanlon Park Condo. Ass'n*, 153 Md. App. 54, 58, 834 A.2d 993, 995 (2003) (citations and internal quotation marks omitted). Where a judgment has been entered against a party, the prevailing party seeking to enforce the judgment is the "judgment creditor," and the party against whom the judgment is entered is the "judgment debtor."  A Writ of Garnishment "preserve[s] the assets of the judgment debtor by creating an 'inchoate lien' that is binding and prevents the garnishee from disposing of those of the assets in his possession until such time as a judgment is entered in the garnishment proceeding." *Catholic Univ. of Am. v. Bragunier Masonry Contractors*, 139 Md. App. 277, 293, 775 A.2d 458, 467 (2001), *aff'd*, 368 Md. 608, 796 A.2d 744 (2002) (citations omitted).  As a general rule, once the Writ of Garnishment is issued and received by the garnishee, the garnishee is "bound to safely keep the assets of the debtor in his possession," such that, if the garnishee surrenders the property after service of the writ but prior *to* judgment, the garnishee is liable to the judgment credit for the value of the debtor's property surrendered. *Id.* at 294, 775 A.2d at 467; *Parkville Fed. Sav. Bank v. Md. Nat'l Bank*, 343 Md. 412, 419, 681 A.2d 521, 524 (1996).

Pursuant to Federal Rule of Civil Procedure 69, state procedure governs the enforcement of a writ of garnishment of property where no federal statute governs. *See* Fed. R. Civ. P. 69(a)(1) ("A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."). Because no federal statute applies to writs of garnishment, Maryland Rules of Civil Procedure 2-645 applies. *See Corsair Special Situations Fund, L.P. v. Engineered Framing Sys., Inc.*, No. PWG-09-1201, 2011 WL 3793373, at *2 (D. Md. Aug. 24, 2011) (finding that there is no federal statute governing garnishment between private parties, and, consequently, that the Maryland Rules apply); *Johns Hopkins Hosp. v. Post*, 321 F. App'x 259, 261 (4th Cir. 2009) ("The parties agree that no federal statute applies in this instance and that the Maryland Garnishment procedure set forth in Maryland Rule 2-645 governs.").

Maryland Rule 2-645 provides that, after a Writ of Garnishment is issued, the garnishee "shall file an Answer . . . admit[ting] or deny[ing] that the garnishee . . . has possession of property of the judgment debtor, and shall . . . describe any property [held by the garnishee]." Md. Rules 2-645(e). If the garnishee files a timely Answer, "the matters set forth in the Answer shall be treated as established for the purpose of the garnishment proceeding unless the judgment creditor files a Reply contesting the Answer within 30 days after its service." Md. Rules 2-645(g). If a timely Reply is not filed, the court may enter judgment against the garnishee upon request of the judgment creditor. *Id.* The judgment against the garnishee "shall be for the amount admitted plus any amount that has come into the hands of the garnishee after service of the writ and before the judgment is entered, but not to exceed the amount owed under the

creditor's judgment against the debtor and enforcement costs." Md. Rules 2-645(j). "Upon entry of a judgment against the garnishee . . . the writ of garnishment and the lien created by the writ shall terminate." Md. Rules 2-645(k).

In the instant case, all of Maryland Rule 2-645's mandates are met. In accordance with Rule 2-645, PPCB timely filed its Request for Writ of Garnishment, and a Writ of Garnishment was issued to Garnishee Woori America Bank as to Judgment Debtors New World Wholesale, Inc., Sang Sik Kim, and Jae Hee Kim. *See* [ECF Nos. 38, 39]. Woori America Bank timely filed its Answer, admitting that it had possession only of property belonging to Jae Hee Kim, in the form of an account containing $812.10 as of February 2, 2016. *See* [ECF No. 40]. PPCB certified that it timely served all judgment debtors with both the Writ of Garnishment served on Woori America Bank, and with the Answer filed by Woori America Bank. *See* [ECF No. 41]. No Reply was filed. Accordingly, the Court may appropriately enter judgment against the garnishee, Woori America Bank, for $812.10, plus any amount that has come into the hands of Woori America Bank after service of the Writ of Garnishment and before this entry of judgment, not to exceed the amount owed to PPCB and enforcement costs. *See* Md. Rules 2-645(j).

### III.   CONCLUSION

For the reasons set forth above, Plaintiff/Judgment Creditor PPCB's Motion for Judgment in Favor of Plaintiff and for Release of Garnished Funds and Garnishment is GRANTED. A separate Order follows.

Dated: April 13, 2016                                                      /s/
                                                                                   Stephanie A. Gallagher
                                                                                   United States Magistrate Judge